NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMRITPAL SINGH, AKA Harwinder
Singh,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-71651

Agency No. A205-144-974

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 12, 2019
San Francisco, California

Before:  SCHROEDER and M. SMITH, Circuit Judges, and RAKOFF,** District
Judge.

Amritpal Singh, a.k.a. Harwinder Singh, a native and citizen of India and a

member of the political party Shiromani Akali Dal Amritsar (Mann Party),

petitions for review of the Board of Immigration Appeals' (BIA) decision denying

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1.     The BIA conducted a sufficiently "reasoned analysis with respect to [Singh's] individualized situation" and considered the risk to him posed by the Punjabi police, local authorities, and the national government. *See Singh v. Whitaker*, 914 F.3d 654, 661 (9th Cir. 2019). Substantial evidence supports the BIA's conclusion that Singh can safely and reasonably relocate in India. The BIA noted that country conditions reports indicated that Sikhs can move freely within India, that the tenant registration system is not implemented everywhere in India, and that unless a Mann Party member is of interest to the central authorities and has a criminal history, relocation is feasible. Although the documentary evidence shows that the Punjabi police have recently harmed Mann Party members, there is substantial support for the proposition that Mann Party members who leave Punjab will be safe from both local authorities and the Punjabi police, provided they are not "high-profile militants"—which Singh does not claim to be.

2.     An applicant seeking withholding of removal bears a higher burden of proof than he does for asylum. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Because Singh does not meet his lower burden of establishing his

2

eligibility for asylum, he necessarily does not meet his burden to prove that he is eligible for withholding of removal.

3.      We also deny the petition for review on Singh's claim of humanitarian asylum under 8 C.F.R. § 1208(b)(1)(iii).  Humanitarian asylum requires "extremely severe persecution." *Singh*, 914 F.3d at 662.  Singh's five beatings and arrest, although disturbing, do not rise to the level of severity necessary to warrant humanitarian asylum.  *See, e.g.*, *id.* (denying review of humanitarian asylum claim where applicant was beaten three times by Punjabi police for being a Mann Party member); *Lal v. INS*, 255 F.3d 998, 1009–10 (9th Cir. 2001) (finding unsupported the BIA's denial of humanitarian asylum where applicant was detained, beaten and tortured with knives and cigarettes, deprived of food and water, forced to watch sexual assault of wife, and house and place of worship were burned, among other harms).

4.      Finally, we deny the petition for review on Singh's CAT claim because substantial evidence supports the BIA's determination that Singh did not prove it was "more likely than not" that he would be tortured if he returned home.  *Afriyie v. Holder*, 613 F.3d 924, 937 (9th Cir. 2010).  Despite the documentary evidence that human rights concerns exist in India, Singh has not established that he specifically will be tortured.  The evidence points to the contrary because he is not a high-profile Mann Party member.  His past persecution does not compel a

contrary conclusion. See *Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007) (finding substantial evidence supported denial of CAT relief where petitioner had been beaten four times by the police but otherwise did not demonstrate he would be tortured upon return to Bangladesh, because it was not clear that past persecution rose to the level of torture).

**PETITION DENIED.**